ALBERT A. ROBINSON & another *vs.* EBENEZER F. TALBOT.

Suffolk. Nov. 14, 1876. — Jan. 22, 1877. AMES & LORD, JJ., absent.

Goods were consigned to A. for sale, who made advances upon them to the consignor, and afterwards sold them to B. under a warranty that they were of a certain quality. The goods did not correspond with the warranty, and B. gave notice thereof to the consignor, and, with his consent, rescinded the sale, but gave no notice to A. *Held*, that A. could not maintain an action against B. for the price of the goods.

CONTRACT on an account annexed for the price of 59 barrels of glue sold by the plaintiffs to the defendant. Writ dated December 4, 1874.

At the trial in the Superior Court, before *Pitman*, J., without a jury, it appeared that the plaintiffs were commission merchants, and that one Barney, a manufacturer of glue, consigned the glue to the plaintiffs for sale. The plaintiffs sold it to the defendant, representing it as of a quality equal to some which the defendant had previously had of the same manufacture. It was sold on December 17, 1873, and shipped by railroad to the defendant, and the receipt of the merchandise acknowledged by the defendant on December 20, 1873, when he promised to send a note or acceptance for the amount of the purchase as soon as he could take an account of the weights. The plaintiffs advanced money to Barney on account of this and other consignments, but had no final settlement before the commencement of this action.

In January, 1874, as soon as the defendant had ascertained the quality of the glue, he met Barney, the consignor, and notified him that the glue was not equal to that which he had previously had, or to the sample by which he had bought it, and that he should return it. Barney went to the defendant's factory, and there was evidence that there was some proposition made by Barney to the defendant for a reduction of the price, but it was rejected, and an agreement made allowing the glue to remain at the defendant's factory until a sale was made, so as to save double transportation. The glue remained at the defendant's factory and storehouse until March, 1874, when the factory was burned, and the glue destroyed.

It was not proved that the plaintiffs and the defendant met after the sale of the glue, or that there was any notice from the defendant to the plaintiffs of his desire to rescind the contract, or any offer to them to return the glue.

The judge found for the defendant, on the ground that " the glue was sold upon the strength of the plaintiffs' affirmation that it was of the same quality as glue theretofore sold to the defendant; that it was not of such quality; that the defendant had therefore a complete right of rescission; that the plaintiffs, as consignees, had under such a state of facts no controlling right to insist on a performance of the contract; and that the real owner of the property had a right to step in, accept the rescission and make a new contract of bailment, which he did."

The plaintiffs requested the judge to rule that, inasmuch as the plaintiffs had made advances upon this consignment to the consignor, he had no right to interfere, and could make no contract with the purchaser, which would deprive the plaintiffs of their lien upon the goods or the proceeds thereof; but the judge declined so to rule. The plaintiffs alleged exceptions.

*H. L. Hazelton*, for the plaintiffs.

*J. C. Park*, for the defendant.

DEVENS, J. When the goods, which the plaintiffs had sold, were found not to correspond with the warranty, it was the right of the defendant to rescind the contract, and the plaintiffs had no controlling right, under such circumstances, to insist upon its performance. If the plaintiffs had made advances distinctly upon these goods, and were thus entitled to a lien upon them, they cannot maintain this action, which is for the price of goods sold, by a sale which could properly be rescinded, and which, by consent of the consignor, was rescinded by the defendant. If the transaction between the defendant and the consignor operated to deprive the plaintiffs of their lien, by reason of the transfer of the possession of the goods to the consignor, instead of to themselves, they cannot for that reason treat the sale as completed, and sue for the price. If entitled to any remedy, it must be sought in some other form of action.

*Exceptions overruled.*